UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID DUNNING,

        Plaintiff,

                                                      Case Number 09-11050-BC

v.                                                  Honorable Thomas L. Ludington

COLLECTO, INC., *d/b/a/ Collection Company
of America*, and EXPERIAN INFORMATION
SOLUTIONS, INC.,

        Defendants.
_____ /

**ORDER OVERRULING OBJECTION TO REMOVAL OF COMPLAINT**

On February 19, 2009, Plaintiff David Dunning ("Plaintiff") filed a complaint in state court, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. *See* dkt. # 1-3. On March 19, 2009, Defendants Collecto, Inc. and Experian Information Solutions, Inc. removed the complaint to this Court pursuant to 28 U.S.C. § 1441(b). Dkt. # 1. On April 9, 2009, Plaintiff filed an objection to the removal. Plaintiff asserts that Defendants' removal was untimely. A removing defendant must file a notice of removal within thirty days of being served the complaint. 28 U.S.C. § 1441(e)(1)(B). Plaintiff acknowledges that Defendants were served the complaint on February 19 and that a notice of removal was filed on March 19, which is a difference of twenty-eight days. Thus, Defendants timely removed the complaint to this Court.

Plaintiff also suggests that remand is appropriate because a default has been entered against Defendants in the state court proceeding. "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Moore's Federal Practice provides the following discussion of the applicable procedural posture in such a circumstance:

> In general, the federal court takes the case on removal exactly as the case stood in state court. Accordingly, the state court pleadings, any discovery had, orders entered, or proceedings will be presumed valid by the district court . . . state court rulings (including discovery orders and all other orders up to and including judgment) remain in effect until modified or supplanted by the federal court . . . The district court may reconsider a state court's interlocutory orders. In addition, the enforcement and efficacy of an existing state order will be governed by federal law.

16, *Moore's Federal Practice* § 107.31[3] (Matthew Bender 3d. ed.) (citations omitted). Plaintiff has not provided any authority that the entry of default in the state court prohibits removal to a federal court. Thus, remand is inappropriate in this circumstance.

Accordingly, it is ordered that Plaintiff's objection [Dkt. # 6] is **OVERRULED**. In the event that Plaintiff believes that a legal basis remains to remand the complaint, Plaintiff may file a motion to remand pursuant to 28 U.S.C. § 1447 or other relevant authority.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 29, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 29, 2009

s/Tracy A. Jacobs  
TRACY A. JACOBS

---